VINCLER & KNOLL,

v.

Theodore R. PAUL, Appellant.

No. 02–1537.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) Nov. 21, 2002.

Decided Dec. 3, 2002.

Before BARRY and AMBRO, Circuit Judges and DOWD,* District Judge.

* Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

## OPINION

AMBRO, Circuit Judge.

The law firm of Vincler & Knoll brought this case against its former client, Theodore R. Paul, seeking attorneys' fees pursuant to the doctrine of *quantum meruit.* The jury awarded Vincler & Knoll $182,000, and the District Court ordered Paul to pay pre-judgment interest on this amount.

Paul hired Vincler & Knoll under a contingency fee contract. He appeals from the District Court's judgment awarding *quantum meruit* fees on the ground that he did not terminate the contingency fee contract with Vincler & Knoll, that the firm withdrew from its representation before completing the contingency, and, accordingly, that the *quantum meruit* doctrine is inapplicable. The trial record, however, contains sufficient evidence to support the jury's conclusion, found in a special interrogatory, that Vincler & Knoll did not withdraw, and the jury could also have determined on the evidence before it that Paul terminated the contractual relationship he had entered with the firm. Additionally, the District Court did not abuse its discretion in awarding pre-judgment interest. Accordingly, we affirm.

## BACKGROUND

Paul and Vincler & Knoll entered into a contingency fee contract under which the firm agreed to represent Paul in a lawsuit against Aubrey Gladstone, and Paul agreed to pay the firm forty percent of any money "realized" after trial from Gladstone, or thirty-three percent if the case settled. The case did go to trial, and in 1991 Vincler & Knoll obtained in the Pennsylvania Court of Common Pleas a judgment for Paul in the amount of $699,000 and then successfully defended the case on appeal.

Vincler & Knoll did not, however, have as much success in collecting the judgment from Gladstone. The firm initiated several different proceedings against Gladstone and entities related to him, but did not manage to exact any of the money he owed to Paul. Instead, another law firm hired by Paul—Katarincic & Salmon—collected $275,000 of the judgment against Gladstone, and it is expected that Paul will receive an additional $337,000 from another enforcement action litigated by Katarincic & Salmon based on the judgment won by Vincler & Knoll.

In the midst of all this, Vincler & Knoll, disagreeing with the litigation strategy Paul wished to pursue, petitioned the Court of Common Pleas to bifurcate between it and Paul the judgment the Court had previously entered in favor of Paul against Gladstone. The Court refused, but entered an order directing that Vincler & Knoll could continue to attempt to collect the judgment and that any money collected should be deposited in a fund set up by the Court. The Court subsequently clarified in a second order that, when pursuing the judgment, Vincler & Knoll was acting as *trustee ad litem* for the Court. To complicate matters further, between the Court's entry of the first and second orders, Paul petitioned it to remove Vincler & Knoll as his counsel. Paul's request was granted, though Vincler & Knoll did continue after its termination to work to collect the judgment.

Vincler & Knoll filed this lawsuit against Paul in a Commonwealth court, and Paul removed it on diversity grounds to the United States District Court for the Western District of Pennsylvania. A jury found in a special interrogatory that Vincler & Knoll had not withdrawn from its representation of Paul in the original case against Gladstone, and awarded the firm $182,000 in fees.

Paul moved for judgment as a matter of law. The Court denied the motion, entered judgment on the verdict, and granted Vincler & Knoll's motion for pre-judgment interest. Paul timely appealed.

## DISCUSSION

### A. Judgment entered on the jury's verdict

A court may grant judgment as a matter of law only if the record contains "no legally sufficient evidentiary basis for a reasonable jury" to have found in favor of the non-moving party. Fed. R. Civ. Proc. 50(a)(1). "The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party." *Walter v. Holiday Inns, Inc.*, 985 F.2d 1232, 1238 (3d Cir. 1993) (quoting *Patzig v. O'Neil*, 577 F.2d 841, 846 (3d Cir.1978)). We review *de novo* a denial of a motion for judgment as a matter of law. *Id.*

There is no dispute that Pennsylvania law applies to this case. Under that law,

[a] client may terminate his relation with an attorney at any time, notwithstanding a contract for fees, but if he does so, thus making performance of the contract impossible, the attorney is not deprived of his right to recover on a quantum meruit [sic] a proper amount for the services which he has rendered.

*Hiscott & Robinson v. King*, 426 Pa.Super. 338, 626 A.2d 1235, 1237 (1993) (citations omitted).

1. Paul requested that the District Court charge the jury that it had to find that he terminated Vincler & Knoll in order to award *quantum meruit* fees. The Court did not give such an instruction, but Paul did not object on this basis when the Court told the parties

Paul argues first that he did not terminate the contractual relationship with Vincler & Knoll and therefore that Pennsylvania law will not support an award of *quantum meruit* fees. Assuming Paul interprets correctly the limitations of Pennsylvania's *quantum meruit* doctrine, we nonetheless reject this argument because the jury could reasonably have found that Paul did terminate the contingency fee contract with Vincler & Knoll when the Court of Common Pleas granted Paul's motion to remove the firm from the original case against Gladstone.[1]

Paul also attempts to use the fact that the Court ordered that Vincler & Knoll could still pursue the judgment to show that the firm is not entitled to *quantum meruit* fees on the ground that performance of the contract was not "impossible." *Id.* As the District Court reasoned, however, the Court of Common Pleas must certainly have entered this order intending that it would protect Vincler & Knoll's ability to collect a portion of the judgment as payment for the services it had already provided in obtaining that judgment and defending it on appeal. We shall not allow this order to operate as a bar to *quantum meruit* fees because to do so would effect precisely the opposite result intended by the Court that entered it.

Paul further contends that Vincler & Knoll cannot obtain fees under the *quantum meruit* doctrine because the firm withdrew from representing him. The District Court instructed the jury, however, that "an attorney who voluntarily withdraws from the representation of his client or who abandons the case is not entitled to

what instructions it would give. Nor does Paul complain here about the jury charge, but instead only about the denial of his motion for judgment as a matter of law. Therefore, the only issue we must consider is whether sufficient evidence supported the jury's verdict.

a fee based on quantum meruit. Therefore if you find from the evidence that Vincler & Knoll voluntarily withdrew from the representation of Mr. Paul or abandoned his case, then you should find in favor of the Defendant." App. at 1014. And in a special interrogatory, the jury found as follows:

> Question 1: Did Plaintiff, Vincler & Knoll, voluntarily withdraw from or abandon the prosecution of Defendant, Thomas R. Paul's lawsuit?
>
> Answer: No.

App. at 1019. The jury could properly reach this conclusion given that Vincler & Knoll made no attempt to withdraw from the original case against Gladstone, and even continued in its attempts to collect the judgment after Paul had them removed from the case and hired new counsel.

We therefore shall not disturb the decision of the jury.

### B. Pre-judgment interest

Finally, Paul contends that the District Court abused its discretion in awarding pre-judgment interest, arguing that Paul could not have known the amount he would owe to Vincler & Knoll and that the District Court arbitrarily selected the date on which the interest began to run. We do not agree.

■ The contingency fee contract provided for payment to Vincler & Knoll of forty percent of the judgment collected if judgment was obtained as the result of a trial. "The mere fact that parties dispute[d] the amount [did] not prevent it from being ascertainable by reference to a standard fixed in the contract." *Trustees of the Univ. of Pennsylvania*, 815 F.2d 890, 908 (3d Cir.1987). In addition, the District Court's decision to begin the interest from the date Paul first collected on the judgment was not unreasonable.

Accordingly, the District Court did not abuse its discretion in awarding pre-judgment interest to Vincler & Knoll.

### CONCLUSION

The record contained sufficient evidence to permit the jury to award *quantum meruit* fees to Vincler & Knoll, and thus District Court was correct in denying Paul's post-trial motion for judgment as a matter of law. And the District Court acted within its discretion in the award of pre-judgment interest. Consequently, we affirm the District Court's ruling.